## CIRCUIT COURT OF NELSON COUNTY

Commonwealth of Virginia

    v.

James E. Jessup, III

June 3, 2013

Case Nos. CR13-26 to CR13-45

By Judge J. Michael Gamble

I am writing to rule on the motion of the Commonwealth to allow the testimony of two alleged victims of sexual assault now pending in the Circuit Court of Appomattox County to testify about sexual assaults by the defendant at the trial of the instant case. In this regard, the motion of the Commonwealth is denied.

The defendant is charged with twenty felony charges, including rape, aggravated sexual battery, object sexual penetration, and forcible sodomy. The alleged victim in the case pending before this court was a minor during most of the time that the alleged sexually assaults occurred in Nelson County. The defendant also allegedly committed sexual assaults on minor victims known as C.H. and K.F. in Appomattox County. The Commonwealth maintains that evidence in the Appomattox cases can be admitted in the Nelson County cases to show motive, intent, the defendant's attitude towards his victim, or lack of mistake. *See Moore v. Commonwealth*, 222 Va. 72, 278 S.E.2d 822 (1981).

Relevant evidence may be excluded if the probative value of the evidence is substantially outweighed by (i) the danger of unfair prejudice or (ii) its likelihood of confusing or misleading the trier of fact. Rule 2:406(a). Additionally, evidence of other crimes, wrongs, or acts is generally not admissible to show that a person acted in conformity therewith. Only if the probative value outweighs prejudice and the evidence tends to prove any relevant fact pertaining to the charge is it admissible. Rule 2:404(b). In the instant case, I have read the transcripts of the preliminary hearing of the defendant in the Nelson County Juvenile and Domestic Relations

District Court. I have also read the transcript of the preliminary hearings of the defendant in the Appomattox County Juvenile and Domestic Relations District Court.

First, I find that the danger of unfair prejudice of the Appomattox facts outweighs the probative value of evidence in this court. Also, this evidence would confuse or mislead the trier of fact.

The facts and circumstances of the two Appomattox cases are just not sufficiently similar to the instant cases to outweigh prejudice and confusion. The Appomattox victims were not related to the defendant, as the victim in this case was. These instances occurred outside of Nelson County. The *modus operandi* in the Appomattox cases is different from the instant case. The method of alleged sexual assault is also different. The degree of consent is different. And the ages of the victims in all cases at the time of the relevant events were different. The only similarities are that all of the victims were minors at the time of most of the assaults, that at least two victims were allegedly assaulted by digital penetration, and that all victims failed to complain for a lengthy period of time.

Additionally, there is no question of identity, knowledge, motive, opportunity, or intent in the instant case. Further, evidence of preparation, plan, and common scheme of plan is not sufficiently similar to allow the admission. At best, evidence of the Appomattox crimes would simply be to bolster the credibility of the alleged victim in the Nelson cases. This is an improper use of other crimes and bad acts evidence.